Parker, C. J.,
delivered the opinion of the Court.
We can see no reasonable ground to dispute the legality of this verdict. As to the objection, that the log-book and other ordinary documents were not produced on the trial ; that was a matter of evidence for the consideration of the jury. If the absence of these documents was not properly accounted for, the defendant had the advantage of this at the trial; if properly accounted for, it cannot be pretended that they were essential towards maintaining the action. Besides, these documents must be presumed to be in the possession of the master, if delivered up by the captors ; and the case finds, that the defendant appointed the master, and that the vessel sailed under his management.
It has been also objected, that there was no legal proof of interest in the plaintiff; but there is nothing in the report of the case to justify this objection.
The main point of the defence, however, is, that a British license was on board the ship at the time of her sailing, which was intended to protect her against capture by the British, with whom this government was then at war ; and it is said, that the having or using such licenses being at that time unlawful, according to the statute of the United States, passed July 6th, 1813 (1), the contract of insurance was, for that cause, void between the parties.
Considering the agency which the defendant had in procuring that license, and putting it on board the ship, it is a matter of some *158 surprise, that he should attempt to make it a ground of de[*179] fence against his express contract. It is left * doubtful in the report, whether the plaintiff knew that the license was on board.
It is certain that it was not used for any' unlawful purpose. The ship sailed as a neutral vessel, and was actually bound to a Spanish port. The license would have protected her only to a British port, or some neutral port which the British had an interest in furnishing with supplies. We cannot think that a paper of this sort, which, if used at all, was to be used for the purpose of deceiving the enemy and preventing a capture, can fairly come within the reason of the act of Congress.
But, if it did, it could have no effect upon this policy of insurance. Insurances upon illegal voyages are without doubt void ; but in this case the voyage was lawful, being to a neutral port. The license might be evidence, in case of a seizure or capture by a vessel of way of the United States, that the voyage really intended was unlawful But, in the present case, it not being contended that the voyage was unlawful, there can be no pretence for supposing that an insurance upon it is void, merely because a paper was on board, which might, under other circumstances, have been used as evidence to show that another destination was intended.
The cases, cited by the counsel for the defendant, from Robinson’s Admiralty Reports, 196, The Hoop, Cornelius, and from 8 D. & E. 548, Potts vs. Bell & al., are not applicable to the case at bar. Those, under the circumstances, were severe cases ; but the decision was unavoidable, as they were cases of direct trading with the enemy ; which is, without doubt, in all countries, unlawful, unless by permission of the government. This is a case of an endeavour to trade with a neutral nation, in spite of the enemy. The license, instead of increasing, would, if used, have diminished the risk of capture ; and, even if the parties had incurred a penalty for possessing the paper, still the voyage was left untainted, and the contract of insurance valid.†

Judgment according to the verdict.

 Stat. U. S. 12 Cong. 1 Ses. c. 129.

 Perkins vs. N. E. Marine Insurance Company, post, 214. — Bulkley vs. Derby Fishing Company, 1 Con. Rep. 571, sed vide the Hiram, 1 Wheat. 140, 8 Cranch, 441.— The Aurora, 8 Cranch, 203.— The Julia, 8 Cranch, 181, 1 Gal. 594,—Patton vs. Nicholson, 3 Wheat. 204. — Craig vs. United States Insurance Company, 1 Peters, C. C. R. 410 — The Aurora, 4 Hall Law Journ. 473 — The Ariadne, 2 Wheat. 143. — The Langdon Cheves, 4 Wheat. 103.— Ogden vs. Barker, 18 Johns. 87. — Coiquhoun vs. New York Fire Insurance Company, 15 Johns. 352.